#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER, a not-for-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN COUNTY, WISCONSIN;<br>KEN SCHNEIDER, Sheriff,<br>individually and in his official capacity; and<br>JOHN AND JANE DOES 1-10, Staff,<br>individually and in their official capacities,<br><br>Defendants. | Case No.: 3:21-cv-00453<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### I.   INTRODUCTION

1. For decades, the United States Supreme Court has recognized that the freedom to read and correspond with the outside world while incarcerated carries important benefits to both prisoners and society as a whole.  To this end, Plaintiff, the Human Rights Defense Center ("HRDC" or "Plaintiff"), provides incarcerated persons across the United States with publications about their legal and civil rights, as well as options for accessing education while incarcerated. Defendants' policies and practices, however, frustrate that mission by unconstitutionally prohibiting delivery of Plaintiff's publications to prisoners housed in the Lincoln County Jail ("Jail"), in violation of the First Amendment.  Defendants' policies and practices also deny due process of law to senders, such as Plaintiff, whose mail is censored by failing to provide notice of and an opportunity to challenge each instance of censorship as required by the Fourteenth Amendment.  HRDC brings this action to enjoin Defendants' censorship of its books and

magazines sent to prisoners held in the Jail, and to require Defendants to provide due process when they reject items sent to prisoners at that facility.

## II. JURISDICTION AND VENUE

2. This suit is brought under 42 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 (civil rights), as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

3. Venue is proper under 28 U.S.C. § 1391(b). At least one Defendant resides within this judicial district, and the events giving rise to the claims asserted here all occurred within this judicial district.

4. HRDC's claims for relief are brought pursuant to 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the First and Fourteenth Amendments to the Constitution and laws of the United States.

5. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and this Court also has jurisdiction to award damages against all Defendants.

6. HRDC's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought under 42 U.S.C. § 1983.

## III. PARTIES

7. The Human Rights Defense Center is a not-for-profit charitable organization recognized under § 501(c)(3) of the Internal Revenue Code, incorporated in the state of Washington and with principal offices in Lake Worth, Florida. The purpose of HRDC is to educate prisoners and the public about the destructive nature of racism, sexism, and the economic and social costs of prisons

to society.  HRDC accomplishes its mission through advocacy, litigation, and the publication and distribution of books, magazines, and other information concerning prisons and prisoner rights.

8. Defendant Lincoln County, Wisconsin ("County") is a unit of government organized and existing under the laws of the State of Wisconsin.  The County operates the Jail, and it was and is responsible for adopting and implementing policies governing incoming mail and publications for prisoners at that facility.

9. Defendant Ken Schneider is the elected Sheriff of Lincoln County, Wisconsin.  He has held that position since January 2018.  Defendant Schneider is employed by and is an agent of the County, and is responsible for the overall management of the Jail.  He has ultimate responsibility for the promulgation and enforcement of all Jail policies, practices, and procedures, including the policies, practices, and procedures relating to mail and the reading material that is available to prisoners.  He is sued in his individual and official capacities.

10. The true names and identities of Defendants DOES 1 through 10 are unknown to HRDC. Each of Defendants DOES 1 through 10 is or was employed by or were agents of the County and/or Defendant Schneider.  DOES 1 through 10 were personally involved in the adoption and/or implementation of the publications and mail policies at the Jail.

11. At all times material to this action, the actions of all Defendants as alleged here were taken under the authority and color of state law.

12. At all times material to this action, all Defendants were acting within the course and scope of their employment as agents and/or employees of the County.

## IV. FACTUAL ALLEGATIONS

### A. HRDC's Mission and Outreach to Detention Facilities

13. For more than 30 years, HRDC's mission has been public education, advocacy and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights. HRDC's mission, if realized, has a salutary effect on public safety.

14. To accomplish its mission, HRDC publishes and distributes books, magazines, and other materials containing news and analysis about prisons, jails, and other detention facilities, prisoners' rights, court rulings, management of prison facilities, prison conditions, and other matters pertaining to the rights and interests of incarcerated individuals.

15. HRDC has thousands of customers in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and members of the general public. Since its creation in 1990, HRDC has sent its publications to prisoners and librarians in more than 3,000 correctional facilities located across all fifty states, including the Federal Bureau of Prisons and various facilities within the State of Wisconsin, such as FCI Oxford, the Taylor County Jail, and numerous prisons run by the Wisconsin Department of Corrections.

16. HRDC publishes and distributes a 72-page monthly magazine titled *Prison Legal News: Dedicated to Protecting Human Rights*, which contains news and analysis about prisons, jails, and other detention facilities, prisoners' rights, court opinions, management of prison facilities, prison conditions, and other matters pertaining to the rights and interests of incarcerated individuals. In 2013, *Prison Legal News* received the First Amendment Award from the Society of Professional Journalists.

17. More recently, HRDC also began publishing a second monthly magazine, *Criminal Legal News*. This magazine focuses on review and analysis of individual rights, court rulings, and news about criminal justice-related issues.

18. HRDC also publishes and/or distributes dozens of different softcover books about the criminal justice system, legal reference books, and self-help books of interest to prisoners. These books are designed to foster a better understanding of criminal justice policies and to allow prisoners to educate themselves about related issues, such as legal research, how to write a business letter, health care issues, and similar topics. Pertinent to this case, HRDC publishes and distributes the *Prisoners' Guerilla Handbook: A Guide to Correspondence Programs in the United States and Canada* ("*Prisoners' Guerilla Handbook*"), which provides prisoners information on enrolling at accredited higher educational, vocational and training schools. HRDC also the sole national distributor of *Protecting Your Health and Safety* ("*PYHS*"), which describes the rights, protections, and legal remedies available to prisoners concerning their incarceration.

B. **Defendants' Unconstitutional Policies and Practices**

19. Defendants' online mail policy states the following:

> MAIL
> Mailing address for inmates: 1104 East First Street, Merrill, WI 54452
>
> The inmates first and last name must be clearly indicated on the front of the envelope.
>
> The sender's first and last name must be in the return section of the envelope along with their complete address. Any mail received not meeting these requirements will be returned to the sender or placed in the inmates property until their release.
>
> Inmates are able to receive letters, money orders, and simple cards. (No glitter, stickers, tape, ties, or other embellishments) Personal checks will not be accepted. All correspondence must be sent through the US Postal Service. No items will be accepted at the Lobby window.
>
> Magazines, books, Polaroid pictures, pictures containing nudity of any kind, stamps, blank or lined paper, envelopes, food, hygiene, and clothing will not be accepted. They will be returned to the sender.

5

> All mail is subject to inspection excluding mail from a legitimate attorney or judge and marked as legal or confidential. Any mail item deemed inappropriate, threatening, or seen as a safety or security issue will be denied.

This policy is posted on the Lincoln County, Wisconsin, webpage at https://co.lincoln.wi.us/sheriffs-office/page/inmate-property-mail-and-telephones (accessed July 16, 2021). The policy is both unconstitutional on its face and as applied.

20. The Defendants ban books and magazines sent by HRDC to prisoners at the Jail. Accordingly, Defendants' publications policies and practices violate HRDC's rights under the Free Speech Clause of the First Amendment.

21. Furthermore, Defendants engage in policies and practices that fail to provide senders of censored mail notice and an opportunity to appeal the censorship of the mail to the intended prisoner. Thus, such policies and practices violate HRDC's Fourteenth Amendment rights to due process.

22. In January 2021 a *Criminal Legal News* subscriber reported to HRDC that staff at the Jail would not let him receive the magazine. The subscriber attached a grievance form on which staff stated that the facility does not allow vendors to send magazines or other publications.

23. In February and April 2021 HRDC sent the items listed in paragraphs 16-18 above to prisoners held at the Jail. Each of these items were individually addressed and separately mailed.

24. Defendants censored HRDC's publications and mail by failing to deliver them to the intended prisoner-recipients at the Jail. Plaintiff can identify at least thirty-three (33) items rejected by Defendants, including ten (10) copies of *Prison Legal News*, twelve (12) copies of *Criminal Legal News*, six (6) copies of *PYHS*, and five (5) copies of the *Prisoners' Guerilla Handbook*.

25. Many of the rejected items were returned to HRDC's offices marked "RETURN TO SENDER." Others were not returned, and HRDC received no notice from the Jail that they had been rejected.

26. Further, Defendants failed to provide HRDC any notice or opportunity to appeal these censorship decisions.

27. Because of Defendants' actions as described above, HRDC has suffered damages, and will continue to suffer damages, including, but not limited to: the suppression of HRDC's speech; the impediment of HRDC's ability to disseminate its message; frustration of HRDC's non-profit organizational mission; the loss of potential subscribers and customers; and, the inability to recruit new subscribers and supporters.

28. Defendants, and other agents of the Jail, are responsible for or personally participated in creating and implementing these unconstitutional policies, practices, and customs, or for ratifying or adopting them. Further, Defendants are responsible for training and supervising the staff persons whose conduct has injured and continues to injure HRDC.

29. Defendants' actions and inactions were and are impermissibly motivated, and were and are all committed under color of law with deliberate indifference to HRDC's rights.

30. Plaintiff will continue to send its books and magazines to subscribers, customers, and other individuals imprisoned at the Jail.

31. Defendants' unconstitutional policy, practices, and customs continue to violate HRDC's rights, and they were and are the moving force behind the injuries HRDC suffered as a direct result of the constitutional violations. As a result, HRDC has no adequate remedy at law.

32. Without relief from this Court HRDC will suffer irreparable injury, since its fundamental free speech and due process rights are being denied. The balance of hardships favors Plaintiff and the public interest will be served by granting injunctive and declaratory relief.

33. The accommodation of the free speech and due process rights of HRDC with respect to written speech protected by the Constitution will not have any significant impact on the Jail, its staff, or prisoners.

34. HRDC is entitled to declaratory relief as well as injunctive relief prohibiting Defendants from refusing to deliver publications from HRDC and other senders without legal justification, and prohibiting Defendants from censoring mail without due process of law.

## V.     CLAIMS

### Count I – 42 U.S.C. § 1983

*Violation of the First Amendment (Free Speech)*

35. HRDC re-alleges and incorporates the allegations of Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. The acts described above constitute violations of HRDC's right to communicate with incarcerated individuals under the Free Speech Clause of the First Amendment.

37. Defendants' conduct was objectively unreasonable and undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

38. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

39. Defendants' acts described above have caused damages to HRDC, and if not enjoined, will continue to damage HRDC.

40. HRDC seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. HRDC seeks punitive damages against the individual Defendants in their individual capacities.

## Count II – 42 U.S.C. § 1983

### *Violation of the Fourteenth Amendment (Due Process)*

41. HRDC re-alleges and incorporates the allegations of Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Because HRDC has a liberty interest in communicating with prisoners, HRDC has a right under the Due Process Clause of the Fourteenth Amendment to receive notice of and an opportunity to appeal Defendants' decisions to censor their written speech.

43. Defendants' policies and practices fail to provide HRDC and other senders with adequate notice and an opportunity to be heard.

44. Defendants' conduct was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

45. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which are and were the moving force of the violations.

46. Defendants' acts described above have caused damages to HRDC, and if not enjoined, will continue to cause damage to HRDC.

47. HRDC seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. HRDC seeks punitive damages against the individual Defendants in their individual capacities.

### Count III - 42 U.S.C. § 1983

*Violation of the Fourteenth Amendment (Vagueness)*

48. HRDC re-alleges and incorporates the allegations of Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. Defendants' mail policy fails to provide a person of ordinary intelligence fair notice of what is prohibited or permitted.

50. Defendants have enforced, or caused the enforcement of, the Jail's impermissibly vague and overbroad mail policy to reject HRDC's publications.

51. Defendants' enforcement of the mail policy has caused harm to HRDC by, among other things, preventing HRDC from sending its publications to prisoners held in the Jail.

52. HRDC seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. HRDC seeks punitive damages against the individual Defendants in their individual capacities.

### VI.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

53. A declaration that Defendants' policies and practices violate the Constitution.

54. A preliminary and permanent injunction preventing Defendants from continuing to violate the Constitution, and providing other equitable relief.

55. Nominal damages for each violation of HRDC's rights by the Defendants.

56. Compensatory damages in an amount to be proved at trial.

57. Punitive damages against the individual Defendants in an amount to be proved at trial.

58. Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and under other applicable law.

59. Any other such relief that this Court deems just and equitable.

## VII. JURY DEMAND

Plaintiff, Human Rights Defense Center, by and through its attorneys, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: July 19, 2021

Respectfully Submitted,

*s/ Brady C. Williamson*
Brady C. Williamson
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
Email: bwilliam@gklaw.com

Daniel Marshall, Fla. Bar No.: 617210*
dmarshall@humanrightsdefensecenter.org
Jesse W. Isom, Fla. Bar No.: 98588*
jwisom@humanrightsdefensecenter.org
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151
Lake Worth, FL 33460
Telephone: (561) 360-2523
Facsimile: (561) 828-8166

*Attorneys for Plaintiff Human Rights Defense Center*

*\*Pro hac vice* applications to be filed

25639229.1